**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5490-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY BARTHOLOMEW,

     Defendant-Appellant.

_____

          Submitted December 12, 2018 – Decided February 7, 2019

          Before Judges Ostrer and Currier.

          On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 98-05-0658.

          Gregory Bartholomew, appellant pro se.

          Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Gregory Bartholomew appeals from the denial of his petition for post-conviction relief (PCR). Because defendant failed to file this second PCR petition in a timely manner and has not shown good cause for the delay, we affirm.

In 2001, defendant was found guilty by a jury of three counts of armed robbery, N.J.S.A. 2C:15-1(a)(2), and three counts of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). After a merger of the weapons offense convictions into the armed robbery convictions, defendant, who had been convicted of two prior armed robberies, was sentenced to concurrent terms of life imprisonment without parole under N.J.S.A. 2C:43-7.1(a). We affirmed defendant's convictions and sentence. State v. Bartholomew, No. A-0951-01 (App. Div. March 5, 2003). The Supreme Court denied his petition for certification. State v. Bartholomew, 177 N.J. 572 (2003).

Defendant filed his first petition for PCR alleging ineffective assistance of counsel in August 2004. The PCR court denied the petition in November 2007. We affirmed, State v. Bartholomew, No. A-4801-07 (App. Div. May 4,

2009), and again, the Supreme Court denied the petition for certification, 200 N.J. 210 (2009).[1]

In January 2016, defendant filed a second petition for PCR, contending his trial counsel failed to inform him the State had offered a life sentence which included parole eligibility after twenty-five years. Defendant claims he discovered the State's written plea offer in 2003, and he would have accepted the offer.

Because this was defendant's second PCR petition, the Public Defender's Office requested the PCR court determine whether good cause existed under Rule 3:22-6(b) to assign counsel. Subsequently, the PCR judge found there was no good cause and dismissed defendant's PCR petition on June 30, 2017, as untimely under Rule 3:22-12.

Defendant presents the following issues on appeal:

> POINT I:
>
> THE PCR COURT ERRED BY HOLDING THAT DEFENDANT'S SECOND PCR PETITION WAS TIME-BARRED PURSUANT TO R[ULE] 3:22-12, THEREFORE, REQUIRING A VACATUR OF THE

---

[1] Defendant also pursued federal remedies. See Bartholomew v. Ricci, No. 10-3666, 2018 U.S. Dist. LEXIS 175663 (D.N.J. Oct. 12, 2018) (denying habeas corpus petition as untimely); Bartholomew v. Ricci, No. 10-3666, 2011 U.S. Dist. LEXIS 134095 (D.N.J. Nov. 21, 2011).

PCR COURT'S ORDER AND REMANDING THE MATTER BACK TO THE LOWER COURT.

POINT II:

THE PCR COURT'S ORDER DENYING THE PETITION MUST BE REVERSED SINCE DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED UNDER RULE 3:22-4.

POINT III:

THE PCR COURT ERRED IN NOT ENTERTAINING ORAL ARGUMENT ON THE PETITION, THEREFORE THE PCR COURT'S ORDER MUST BE REVERSED AND THE MATTER REMANDED FOR ORAL ARGUMENT.

POINT IV:

THE PCR COURT VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO SELF-REPRESENTATION ON HIS PETITION FOR PCR, THEREFORE, THIS MATTER MUST BE REVERSED AND REMANDED.

We review the legal conclusions of a PCR judge de novo. State v. Harris, 181 N.J. 391, 419 (2004). Under Rule 3:22–12(a)(2), a second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the courts, "the date on which the factual predicate for the relief sought was discovered," or "the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel

4

that represented the defendant on the first or subsequent application for [PCR] is being alleged." A subsequent PCR petition must be dismissed unless it complies with Rule 3:22–12(a)(2), and pleads, on its face, one of the three criteria under Rule 3:22–12(a)(2). R. 3:22–4(b).

We are satisfied that defendant's PCR petition is untimely under Rules 3:22–12(a)(2) and 3:22–4(b). His first PCR petition, filed in 2004, alleged ineffective assistance of counsel and was filed after defendant discovered the plea agreement, which is the subject of the second petition. Any allegations regarding that plea agreement should have been included in the first petition.

Additionally, under Rule 3:22–12(a)(2)(B) to (C), defendant was required to file a subsequent PCR petition within one year of the denial of his first petition because he was aware of the factual predicate, the State's plea offer, at the time of his first petition. However, defendant did not file the instant PCR petition until January 2016, eight years later. As a result, defendant's second petition was properly barred as untimely. See R. 3:22–4(b). The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5